Floyd W. Bybee
BYBEE LAW CENTER, PLC
90 S. Kyrene Rd Ste. 5
Chandler, AZ 85226-4687
Telephone: (480) 756-8822
Facsimile: (480) 297-0917
floyd@bybeelaw.com

*Attorney for Plaintiff Michael Gonzales, Jr.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Michael Gonzales, Jr.;** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **RentGrow, Inc.;** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. Parties

4. Plaintiff Michael Gonzales, Jr. is an adult individual who resides in the state of Arizona.

5. Defendant RentGrow Inc., ("RentGrow") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. RentGrow regularly conducts business in the District of Arizona and has a principal place of business in 177 Huntington Avenue, Suite 1703, Boston, Massachusetts 02155-3153.

## IV. Factual Allegations

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes a false criminal history labeling the Plaintiff as having a felony conviction and personal identifying information.

8. Specifically, the inaccurate information includes, but is not limited to, an inaccurate felony conviction, which does not belong to Plaintiff, but instead belongs to another individual who has a similar name as Plaintiff.

9. The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as an individual with a felony conviction. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as having a felony conviction because it mixed his criminal history with that of another person.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

11. Plaintiff has applied for and has been denied or delayed in obtaining housing opportunities, including but not limited to, housing opportunities with Arcadia Cove in August 2020. Plaintiff has been informed that the basis for these denials or delays was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those denials or delays.

12. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CLAIMS
## COUNT ONE – VIOLATION OF THE FCRA

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

21. Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

    (d)  Costs and reasonable attorney's fees; and

    (e)  Such other and further relief as may be necessary, just and proper.

               Respectfully Submitted,
               **BYBEE LAW CENTER, PLC**

         BY: _____
               Floyd W. Bybee
               Attorney for Plaintiff

DATE: September 21, 2020

COMPLAINT AND JURY DEMAND